**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**CHRISTINE HECKENLAIBLE,**

        **Plaintiff,**

   **v.**                                         **ACTION NO. 4:06cv25**

**VIRGINIA REGIONAL PENINSULA**
**JAIL AUTHORITY, and**
**MICHAEL D. STEELE,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action in the Circuit Court for Williamsburg/James City County. The Virginia Peninsula Regional Jail Authority ("Jail Authority") removed this action to this court pursuant to 28 U.S.C. §§ 1441 and 1446.[1] This matter is before the court on the Jail Authority's motion to dismiss.

I. Procedural History

This action was removed to this court on February 1, 2006. On February 16, 2006, the Jail Authority filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 1, 2006, plaintiff moved for an extension of time in which

---

[1] Plaintiff has not alleged any federal claims against the Authority. However, she has alleged a claim under 42 U.S.C. § 1983 against Michael Steele. Plaintiff's state law claims against the Jail Authority arise out of the same actions that form the basis of her suit against Steele, such that the claims are part of the same suit. Thus, this court may exercise supplemental jurisdiction under 28 U.S.C. § 1367.

to respond to the motion to dismiss. On March 14, 2006, the court entered an agreed order extending the time to respond. On March 24, 2006, plaintiff filed her opposition to the motion to dismiss. On April 7, 2006, the Jail Authority filed an untimely reply brief. On April 12, 2006, the court entered an agreed order extending the time for the Jail Authority to file its reply brief. Thus, the reply brief is accepted as timely filed. On April 26, 2006, the court entered an agreed order appointing Keith L. Kimball, Esq., as Guardian Ad Litem for defendant Michael D. Steele ("Steele"). On June 26, 2006, the court entered an order to show cause why Steele should not be dismissed, based on plaintiff's failure to timely effectuate service on Steele. On July 5, 2006, Steele waived service of process. On July 7, 2006, plaintiff responded to the court's order to show cause. The court **FINDS** that plaintiff has shown good cause. On July 17, 2006, Steele filed an answer. The Clerk filed the answer, which was due on July 10, 2006, subject to defect. Given the fact that Steele is incarcerated, which undoubtably complicates matters for Steele's guardian ad litem, the court will accept Steele's answer as timely filed. Accordingly, the Clerk is **DIRECTED** to file Steele's answer without defect.

## II. Facts

Plaintiff was a pretrial detainee at Virginia Peninsula Regional Jail ("Jail") during the time of the events alleged in the

complaint.² The Jail Authority operates the Jail. At the time plaintiff was incarcerated at the Jail, Steele was a correctional officer at the Jail. Steele is currently an inmate at Greensville Correctional Center.

On the evening of January 20, 2004, plaintiff was housed in the medical unit of the Jail. She was assigned to a single cell. Steele was the only correctional officer assigned to the medical unit. Sometime between 7:00 p.m. and 8:00 p.m., plaintiff asked Steele if she could take a shower and requested a razor. Steele told plaintiff that, if she wanted a razor, she would have to wait. At around 11:00 p.m. Steele escorted plaintiff to the room where the shower was located. At two points during her shower, plaintiff saw Steele peering at her through the window. Plaintiff alleges that the shower curtain was partially transparent. Plaintiff dried off behind the curtain. She then wrapped the shower curtain around her body and reached for her clothes. Plaintiff dressed behind the shower curtain. Steele then escorted plaintiff back to her cell.

Approximately fifteen (15) minutes after returning plaintiff to her cell, Steele announced that he was entering her cell to perform a drug search. Steele instructed her to sit in a chair in the middle of her cell. Steele unzipped his pants, and forced plaintiff to perform oral sex on him. After Steele left her cell,

---

²At the time of the alleged incident, plaintiff had been incarcerated for four (4) or five (5) days. The charges for which she was incarcerated were subsequently dismissed.

plaintiff cleaned up with a towel and put the towel under the bed. She lay awake for the remainder of the night crying.

The following morning, plaintiff reported the sexual assault to Officer Pennington, who reported the incident to his superiors. Plaintiff provided investigators with the towel she had used to clean up Steele's semen. On December 2, 2004, Steele pled guilty to carnal knowledge of an inmate, a class 6 felony.

### III. Analysis

A.  Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2006). When reviewing a plaintiff's complaint pursuant to a 12(b)(6) motion, the court must accept well-pleaded allegations as true and must construe the factual allegations in favor of the plaintiff. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Moreover, the Federal Rules "do not require a claimant to set out in detail the facts upon which [she] bases [her] claim." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 325 (4th Cir. 2001) (citation and internal quotation marks omitted). "Rule 12(b)(6), however, is not without meaning," id. at 326, but rather "test[s] the legal sufficiency of the complaint," Randall, 30 F.3d at 522. Therefore, the plaintiff must "set forth facts sufficient to allege each element of [her] claim" in order to

show that she has a claim upon which the court can grant relief. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) (emphasis added); see also Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346-48 (4th Cir. 2005) (reviewing Fourth Circuit case law requiring a plaintiff to allege each element of her claim).

B. Sovereign Immunity

The Jail Authority asserts that it is entitled to sovereign immunity. The Court of Appeals for the Fourth Circuit addressed the issue of whether a regional jail authority in Virginia is an arm of the state, and thus, entitled to Eleventh Amendment immunity in Kitchen v. Upshaw, 286 F.3d 179 (4th Cir. 2002). The Fourth Circuit found very little to suggest that the Riverside Regional Jail Authority was an arm of the state. Id. at 185. Thus, the court determined that Riverside Regional Jail Authority was not entitled to sovereign immunity. Id. The Jail Authority in the case sub judice was created from the same enabling statutes as the Riverside Regional Jail Authority. See Va. Code Ann. § 53.1-95.2 through 53.1-95.24. The Jail Authority's brief in support of the motion to dismiss does not acknowledge Kitchen, and consequently, does not offer any distinction between the Jail Authority and the Riverside Regional Jail Authority that might lead this court to find that the Jail Authority is entitled to sovereign immunity. Accordingly, the Jail Authority's motion to dismiss based on sovereign immunity is **DENIED.**

C. Respondeat Superior

Under Virginia law, a plaintiff claiming that an employer is liable under the doctrine of respondeat superior must allege that the tortious conduct occurred while the employee was performing his employer's business and acting within the scope of the employee's employment. See Butler v. Southern States Coop. Inc., 270 Va. 459, 465, 620 S.E. 2d 768, 773 (2005). The Jail Authority avers that it is not liable under the doctrine of respondeat superior in Counts I, II, III, and IV, because Steele was not acting within the scope of his employment when he allegedly sexually assaulted plaintiff. The Jail Authority asserts that Steele did not in fact perform the drug search that he used as an excuse to enter plaintiff's cell, and therefore was not acting within the scope of his employment.

In Plummer v. Center Psychiatrists, Ltd., 252 Va. 233, 476 S.E. 2d 172 (1996), the Supreme Court of Virginia held that allegations that an employee, who was a therapist, had engaged in sexual relations with a patient were sufficient to state a prima facie cause of action against the therapist's employer under the doctrine of respondeat superior. 252 Va. at 237, 476 S.E. 2d at 174. In Plummer, the court noted that special circumstances facilitated the injury to plaintiff. Id. at 237, 476 S.E. 2d at 174-175. However, those allegations were not dispositive to the court's determination that plaintiff had stated a potential claim. See Majorana v. Crown Cent. Petroleum Corp., 260 Va. 521, 527, 539

S.E. 2d 426, 429 (2000). In Majorana, the court explained that, at the pleading stage, the plaintiff's burden of production on the "issue of whether an employee acted within the scope of the employment when the act which caused the injury was committed . . . is met by establishing the employer-employee relationship at the time." Id. at 526, 539 S.E. 2d at 429. In Majorana, the court noted that the plaintiff had presented evidence that the employee assaulted a customer at the employer's normal place of business, while performing the normal business of the employer. Id. at 527, 539 S.E. at 429. Once an employment relationship is established, a rebuttable presumption of liability arises. Id. at 526, 539 S.E. at 429.

Plaintiff has established a prima facie cause of action for liability under the doctrine of respondeat superior. She has alleged that Steele was employed by the Jail Authority, that he was performing his duties as a correctional officer guarding inmates, and that the sexual assault occurred in the course of performing those duties. The court notes that special circumstances existed that facilitated the assault. See Plummer, 252 Va. at 237, 476 S.E. 2d at 174-175; see also Gina Chin & Associates, Inc. v. First Union Bank, 260 Va. 533, 542-43, 537 S.E. 2d 573, 578 (2000). Steele was assigned to guard female inmates in the medical block, and as part of his employment, he possessed keys that would allow him to enter plaintiff's cell. Accordingly, the Jail Authority's

motion to dismiss claims of <u>respondeat</u> <u>superior</u> in Counts I, II, III, and IV is **DENIED**.

<u>D. Intentional Infliction of Emotional Distress</u>

Virginia recognizes the existence of an independent tort of intentional infliction of emotional distress. <u>See</u> <u>Russo v. White</u>, 241 Va. 23, 26, 400 S.E. 2d 160,162 (1991). To state a claim for intentional infliction of emotional distress resulting from a non-tactile tort, plaintiff must allege that the "wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged wrongful conduct and emotional distress are causally connected; and, the distress is severe." <u>Id.</u>

Relying on <u>Russo</u>, where the court required an objective physical injury to satisfy the requirement of severity, the Jail Authority argues that plaintiff has not alleged sufficiently severe distress. <u>See</u> <u>id.</u> at 28, 400 S.E. at 163. However, the Virginia courts have recognized that a physical tort is distinguishable from a non-tactile tort, and that a sexual assault inherently meets the criteria of severe emotional distress. <u>Hazzis v. Modjadidi</u>, 69 Va. Cir. 385 (Cir. 2005); <u>Padilla v. Silver Diner</u>, 63 Va. Cir. 50, 55 (Cir. 2000); <u>Hygh v. Geneva Enterprises, Inc.</u>, 47 Va. Cir. 569, 574-75 (1997)(finding that "[t]he victim of a sexual assault clearly experiences severe emotional distress that no reasonable person could be expected to endure"). Accordingly, the Jail Authority's motion to dismiss plaintiff's claim for intentional

infliction of emotional distress is **DENIED**.

E. Negligent Hiring or Retention

Plaintiff alleges that the Jail Authority was negligent in hiring and retaining Steele, because he experienced childhood sexual abuse and he had made improper sexual comments and suggestions to previous female inmates. The morning after the sexual assault, plaintiff told another inmate about the events of the previous evening. Plaintiff claims that the inmate told plaintiff that Steele had made improper suggestions to her as well, but had ceased when she told Steele that she had AIDS. This inmate also told plaintiff that Steele had told her that he used to "play games" with a previous female inmate and that she would "show him things." Pl.'s Compl. ¶ 23. The Jail Authority asserts that plaintiff has failed to state a claim for negligent hiring or retention.

Unlike respondeat superior, a claim of negligent hiring or retention is not predicated on Steele's actions; rather the focus is on the actions of the Jail Authority in hiring and retaining Steele as a correctional officer assigned to oversee female inmates. See Interim Pers. of Cent. Va., Inc., 263 Va. 435, 440-41 559 S.E. 2d 704, 707 (2002). An employer is liable for negligent hiring when the employer fails

> to exercise reasonable care in placing an individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which, due to the circumstances of

9

>employment, it should have been foreseeable that the hired individual posed a threat of injury to others.

Id. at 440, 559 S.E. 2d at 707. Moreover, the employer's negligence must be the proximate cause of the injury. Id. at 442, 559 S.E. 2d at 708. The issue of whether a negligent act is the proximate cause of an injury is generally a question of fact. Scott v. Simms, 188 Va 808, 815, 51 S.E. 2d 250, 253 (1949).

Plaintiff alleges that the Jail Authority's decisions to hire and retain Steele, when they knew or should have known of his history of childhood sexual abuse and inappropriate comments and suggestions to female inmates, and to assign him to be solely responsible for female inmates at night, is the negligence that caused the attack on plaintiff. At this juncture, plaintiff has sufficiently alleged negligent hiring and retention. However, the burden remains on plaintiff to prove these allegations. The Jail Authority argues that plaintiff will not be able to prove the necessary elements.[3] The Jail Authority's motion to dismiss plaintiff's claim for negligent hiring or retention is **DENIED.**

---

[3] At this stage of the pleadings, plaintiff need not prove the elements of her claim, she must merely allege the elements of each claim. The Jail Authority also argues that plaintiff has not alleged that the other female inmates, to whom Steele made improper comments and suggestions, ever complained to the anyone at the Jail. However, plaintiff has not yet had the opportunity to engage in discovery. Therefore, this information would not be available to her at this stage.

The Jail Authority is REMINDED that, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), a responsive pleading is due ten (10) days after the denial of a motion to dismiss, unless another time is set by court order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for the parties.

IT IS SO **ORDERED**.

/s/
Rebecca Beach Smith

Norfolk, Virginia

August 3, 2006