**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**CHRISTINE HECKENLAIBLE,**

      **Plaintiff,**

  **v.**                                          **ACTION NO. 4:06cv25**

**VIRGINIA REGIONAL PENINSULA**
**JAIL AUTHORITY, and**
**MICHAEL D. STEELE,**

      **Defendants.**

## ORDER

This matter comes before the court on Defendant Virginia Regional Peninsula Jail Authority's Motion to Reconsider, filed August 29, 2006. For the reasons set forth herein, the Jail Authority's Motion to Reconsider is **DENIED**.

## I. Brief Factual and Procedural History

On or about January 18, 2006, Plaintiff Christine Heckenlaible ("Heckenlaible") brought this action in the Williamsburg/James City County Circuit Court against Defendant Virginia Regional Peninsula Jail Authority ("the Jail Authority") and Defendant Michael D. Steele ("Steele"), alleging that Steele sexually assaulted Heckenlaible at the Virginia Peninsula Regional Jail ("the Jail"). The Jail Authority operates the Jail. And at the time of the alleged assault, Steele was working as a corrections officer at the Jail, and Heckenlaible was a pretrial detainee there. Heckenlaible's complaint sets forth the following state law claims against Steele and, on the theory of respondeat superior, the Jail

Authority: (1) assault and battery; (2) willful and wanton conduct; and (3) intentional infliction of emotional distress. It also asserts a claim under 42 U.S.C. § 1983 against Steele, alleging that he deprived Heckenlaible of her Fourteenth Amendment right to personal security, safety, and integrity. Finally, it sets forth a negligence claim against the Jail Authority, alleging that the Jail Authority failed to exercise due care in hiring and retaining Steele as an employee.

On February 1, 2006, the Jail Authority removed this action to this court. On February 16, 2006, it filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Jail Authority argued, among other things, that the doctrine of sovereign immunity bars Heckenlaible from bringing negligence claims against it. On August 3, 2006, this court issued a Memorandum Opinion and Order denying the Motion to Dismiss. See Heckenlaible v. Virginia Reg'l Peninsula Jail Auth., No. 4:06-25, 2006 WL 2252026, *2 (E.D. Va. Aug. 3, 2006). This court reasoned that under Kitchen v. Upshaw, 286 F.3d 179 (4th Cir. 2002), a jail authority is not entitled to Eleventh Amendment sovereign immunity because it is not an arm of the state. Heckenlaible, 2006 WL 2252026, at *2 (citing Kitchen, 286 F.3d at 184-85).

On August 29, 2006, the Jail Authority filed the instant Motion to Reconsider, noting that the court's Memorandum Opinion and Order did not address the Jail Authority's argument that state

2

sovereign immunity bars Plaintiff's negligence claims against the Jail Authority.  In the Motion to Reconsider, as in its original Motion to Dismiss, the Jail Authority asks this court to dismiss Heckenlaible's negligence claims against the Jail Authority.  On September 11, 2006, the court received Heckenlaible's response to the Jail Authority's Motion to Reconsider.  On September 14, 2006, the court received the Jail Authority's reply to that response.  The matter is ripe for decision.

## II.  Analysis

In the Memorandum Opinion and Order of August 3, 2006, the court did not explicitly address whether <u>state</u> sovereign immunity, as opposed to Eleventh Amendment immunity, bars Heckenlaible's state law negligence claims against the Jail Authority.  The Jail Authority raised the state sovereign immunity issue in its Motion to Dismiss, and Heckenlaible responded to the Jail Authority's arguments in her response to that motion.  And although the concepts of Eleventh Amendment immunity and state sovereign immunity are related, they are not "identical concepts."  <u>Stewart v. North Carolina</u>, 393 F.3d 484, 487 (4th Cir. 2005); <u>see</u> <u>id.</u> at 488 (explaining that the purpose of the Eleventh Amendment was "not to define the contours of state sovereign immunity generally").  In light of these circumstances, the court concludes that it is appropriate to address in this Order whether state sovereign immunity bars Heckenlaible's negligence claims against the Jail

Authority.[1]

It is settled Virginia law that a plaintiff may not maintain an action in tort against the Commonwealth without its consent. <u>Virginia Elec. & Power Co. v. Hampton Redevelopment & Hous. Auth.</u>, 225 S.E.2d 364, 367 (Va. 1976). The Commonwealth's immunity extends to a separate entity that is an arm or agency of the Commonwealth. <u>Id.</u> However, an entity is not an arm or agency of the Commonwealth where, although state law authorizes the creation of the entity, the actual creation of the entity requires "local activation" by one or more counties or municipalities. <u>Id.</u>

A municipality (or "municipal corporation") is also afforded protection under Virginia law, but it "is not entitled to the same immunity from tort liability that is enjoyed by the Commonwealth." <u>Id.</u> at 368. A municipal corporation acts in two capacities: governmental and proprietary. <u>Id.</u> It is immune from tort liability arising from its performance of governmental functions. <u>Id.</u> On the other hand, it is not immune from liability arising from its performance of proprietary functions. <u>Id.</u>

For certain purposes, a local entity, such as an authority created pursuant to Virginia law, may be treated as a municipal corporation. <u>Id.</u> at 367. To determine whether a particular entity should be treated as a municipal corporation for a particular

---

[1]From this point forward, the court uses the term "sovereign immunity" to refer to state sovereign immunity.

4

purpose, a court must consider two basic factors. Id. First, the court must consider "what attributes of municipality the entity possesses." Id. The following six attributes are "essential to viability as a municipal corporation":

> (1) Creation as a body corporate and politic and as a political subdivision of the Commonwealth;
> (2) Creation to serve a public purpose;
> (3) Power to have a common seal, to sue and be sued, to enter into contracts, to acquire, hold and dispose of its revenues, personal and real property;
> (4) Possession of the power of eminent domain;
> (5) Power to borrow money and issue bonds which are tax exempt, with interest on such bonds enjoying the same status under tax laws as the interest on bonds of other political subdivisions of the state;
> (6) Management of the corporation vested in a board of directors or a commission.

City of Richmond v. Richmond Metro. Auth., 172 S.E.2d 831, 832 (Va. 1970). Second, the court must consider "in light of this initial consideration, the particular purpose for determining whether a municipal corporation is present." Hampton Redevelopment, 225 S.E.2d at 367. Generally, "if the pivotal point under consideration involves a matter of procedure, there is more likelihood that a particular entity will be declared a municipal corporation; but if a point of substantive law is involved, it is less likely that the entity will be declared a municipal corporation." Id.

Thus, an entity created under Virginia law may establish that it is immune from an action in negligence in one of two ways. First, the entity may establish that it is entitled to the Commonwealth's broad immunity from tort liability by showing that

it is an arm or agency of the state. Id. Second, in the alternative, the entity may establish that it is entitled to the immunity afforded a municipal corporation by showing that it is appropriate for the court to treat the entity as such. Id. If it is appropriate for the court to treat the entity as a municipal corporation, the entity is immune from liability arising from its performance of governmental, as opposed to proprietary, functions. Id. at 367-68.

In the instant case, the Jail Authority is not an arm or agency of the Commonwealth because the creation of a regional jail authority requires local activation. Virginia law provides that "[t]he governing bodies of two or more counties, cities, or towns or a combination thereof may by concurrent ordinances or resolutions or by agreement, create a jail authority." VA. CODE ANN. § 53.1-95.2. Indeed, the Jail Authority readily admits that it "has been established by local governments." Def.'s Reply Br. in Support of Mot. to Dismiss at 3 (Apr. 7, 2006); see P.'s Compl. ¶ 25 (explaining that the City of Williamsburg, the County of York, the County of James City, and the City of Poquoson formed the Jail Authority). Accordingly, it does not share the Commonwealth's broad immunity from tort liability. See Hampton Redevelopment, 225 S.E.2d at 367; see also Kitchen, 286 F.3d at 184-85 (explaining that the manner in which state law treats a particular entity is a factor in determining whether the entity is entitled to Eleventh Amendment

immunity, and reasoning that "the state law scheme [in Virginia] does not appear to treat [a regional jail authority] as an arm of the State").

Moreover, it is not appropriate for the court to treat the Jail Authority as a municipal corporation. The parties agree that the Jail Authority possesses four of the six essential attributes of a municipal corporation. The Jail Authority serves a public purpose, has a common seal, can sue and be sued, can enter into contracts, may borrow money and issue tax exempt bonds, and has corporate management vested in a corporate board. See VA. CODE ANN. § 53.1-95.7. However, it is not a political subdivision of the Commonwealth, and lacks the power of eminent domain. See id.

Virginia courts have not had occasion to consider whether a local entity that lacks one or more of the essential attributes of a municipal corporation is entitled to the sovereign immunity enjoyed by a municipal corporation.[2] In Hauth v. Southeastern Tidewater Opportunity Project, Inc., 420 F. Supp. 171 (E.D. Va. 1976), however, this court considered whether sovereign immunity shielded a community action agency, which was formed by various cities and counties of Virginia, from an action in negligence. Id. at 172-73. This court concluded that the agency could not be treated as a municipal corporation because it did not possess all

---

[2]The parties have not identified an opinion that addresses the issue, and the court has been unable to find one.

7

six of the essential attributes of a municipal corporation. Id. at 174. Specifically, the agency was not a political subdivision, lacked the power of eminent domain, and could not borrow money by issuing tax exempt bonds. Id.

This case is analogous to Hauth. Like the community action agency in Hauth, the Jail Authority does not possess all of the essential attributes of a municipal corporation. Thus, just as it was not appropriate in Hauth for this court to treat the community action agency as a municipal corporation, it would not be appropriate in this case for this court to treat the Jail Authority as such.[3] For this reason, and because the Jail Authority is not an arm or agency of the state, see supra at 6-7, sovereign immunity does not bar Heckenlaible's negligence claims against the Jail Authority.[4]

---

[3] The court notes that Hauth was decided long before the Jail Authority removed this case to this court.

[4] Because the Jail Authority does not possess all six of the essential attributes of a municipal corporation, the court need not consider how the second factor set forth in Hampton Redevelopment would bear on the disposition of this case. See Hauth, 420 F. Supp. at 173-74 (rejecting the defendant's argument that the "six attributes are not required for a determination that the agency is a municipal corporation in every instance"). Moreover, because it is not appropriate for the court to treat the Jail Authority as a municipal corporation, the court declines to reach the issue of whether the operation of a jail is a governmental function. See Hampton Redevelopment, 225 S.E.2d at 368 (explaining that a municipal corporation is immune from tort liability arising from its performance of governmental, as opposed to proprietary, functions).

### **III. Conclusion**

For the reasons set forth above, the Jail Authority's Motion to Reconsider is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Order to counsel for Plaintiff and to counsel for Defendants.

**IT IS SO ORDERED.**

/s/<br>Rebecca Beach Smith

Norfolk, Virginia

November 1, 2006